RECEIVED
MAR 13 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID G. SWIFT | CIV. ACTION NO. 1:17-00373 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| AFCO INDUSTRIES, INC. | MAG. JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court is "Defendant's Motion for Summary Judgment" (R. #15) wherein defendant, AFCO Industries, Inc. ("AFCO"), seeks summary judgment in its favor, dismissing with prejudice Plaintiff's claims at Plaintiff's cost. As of the date of this ruling, Plaintiff has not opposed the motion and the time for doing so has lapsed.

## FACTUAL STATEMENT

In his complaint, Plaintiff, David Swift, alleges that he was terminated without cause in violation of Louisiana Employment discrimination law because of his disability, because he applied for short term disability benefits, because he filed a claim against Defendant with OSHA, and because he filed a worker's compensation claim.[1]

Mr. Swift was employed at AFCO as a Finishing Manager from June 29, 2015 until February 12, 2016.[2] Mr. Swift was ultimately responsible for the performance of the entire Finishing Department.[3] During his tenure with AFCO, AFCO clients rejected products that were Mr. Swift's responsibility as Finishing Manager.[4] Mr. Swift also had problems timely

---

[1] See R. #1, ¶ 13.
[2] Id. ¶ #4.
[3] Defendant's exhibit A, David Swift depo. p. 83.
[4] Id. pp. 43-44.

1

completing finishing assignments.[5] Mr. Swift was aware that poor work performance could result in discipline.[6]

Mr. Swift was counseled by AFCO General Manager, Willie Summerville, at least twice prior to February 2016 for poor work productivity.[7] Mr. Swift admitted that Mr. Summerville was dissatisfied with the Finishing Department's quality of work while Mr. Swift was Finishing Manager.[8] Mr. Summerville sent Mr. Swift an email on November 16, 2015 expressing dissatisfaction with Mr. Swift's performance regarding product sent to Howard Medical.[9] Mr. Summerville sent an email to Brent Fontenot on January 17, 2016 about replacing Mr. Swift due to a lack of confidence.[10]

On February 10, 2016, Mr. Swift appeared at work with a boot on his foot from a non-work-related injury.[11] Consequently, Julie Bonial offered Mr. Swift to go out on short-term disability; because he had not worked for AFCO for one year or logged 1250 hours, Mr. Swift was not eligible for leave under the Family Medical Leave Act. Mr. Swift declined the offer of short term disability leave. On that same day, Mr. Swift fell and alleged he was injured on the job.[12]

On February 12, 2016, Mr. Swift was terminated due to performance issues. After he was terminated, Mr. Swift filed for workers' compensation.[13] After he was terminated, AFCO found out that Mr. Swift had filed a complaint with OSHA on February 7, 2016.[14]

---

[5] Id.
[6] Id. p. 51.
[7] Id. p. 60.
[8] Id. p. 61.
[9] Id. pp. 64-67.
[10] Id. p. 78.
[11] Id. p. 52-53.
[12] Plaintiff's Complaint, R. #1-2, ¶ 10.
[13] Defendant's exhibit A, Swift depo. pp. 135-136.
[14] Id. pp. 141-142.

After an investigation, OSHA concluded there was no basis to Mr. Swift's allegation of Whistleblower retaliation.[15] AFCO was not aware that Mr. Swift had filed a workers' compensation claim.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[16] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[17] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[18] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[19] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[20] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[21] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no

---

[15] Id. p. 147; Defendant's exhibit #28, OSHA Secretary Findings.
[16] Fed. R. Civ. P. 56(c).
[17] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[18] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[19] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[20] Anderson, 477 U.S. at 249.
[21] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

3

reasonable trier of fact could find for the non-moving party.[22] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[23] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[24]

## LAW AND ANALYSIS

In this lawsuit, Plaintiff alleges that AFCO retaliated against him by discharging him because he filed a complaint with OSHA and also because he filed for worker's compensation. Defendant, AFCO, maintains that it had legitimate non-retaliatory reasons for discharging Mr. Swift. Moreover, AFCO was not aware that Mr. Swift had filed the complaint with OSHA or filed for worker's compensation until after they made the decision and in fact had terminated Mr. Swift. AFCO also remarks that Mr. Swift was hired as an at-will employee and that because of poor performance issues, his probationary period was extended beyond the initial 90-day probationary period.

AFCO maintains that there is no private right of action for retaliatory discharge under OSHA. In Sosa v. Konecranes, Inc.,[25] the court dismissed plaintiff's claim of retaliatory discharge under OSHA finding that a person who believes he/she has been discharged in violation of OSHA must file a complaint with the Secretary of Labor. If the Secretary finds that a violation has occurred, the Secretary will file the appropriate action in the appropriate United States District Court. In the instant case, the Secretary denied

---

[22] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[23] Anderson, 477 U.S. at 249-50.
[24] Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).
[25] 2001 WL 34106155 (S.D. Tex. May 21, 2001) citing George v. Action Rental Ctr., 763 F.2d 184 (5th Cir. 1985); See also Boswell v. Rosemont Realty, Inc., 2015 WL 2406148 (W.D. La. Ma 19, 2015), at *1, *7, citing Jeter v. St. Regis Paper Co., 507 F.2d 973, 977 (5th Cir. 1975).

4

Mr. Swift's complaint of retaliatory discharge; specifically, the Secretary found that there was no evidence to suggest that AFCO had knowledge or reason to suspect or believe that Mr. Swift was the person who filed the OSHA complaint.[26] Hence, the court agrees that this claim should be dismissed with prejudice.

AFCO moves to dismiss Mr. Swift's retaliation claim as baseless. Louisiana Revised Statute 23:1361(B) provides that an employee cannot be discharged for asserting a claims for workers' compensation benefits. In order to recover, Mr. Swift must establish by a preponderance of the evidence that AFCO discharged him because he asserted a workers' compensation claim, and if proven, the burden would then shift to AFCO to demonstrate that it discharged Mr. Swift for legitimate, non-discriminatory reasons. If AFCO offers a legitimate, non-discriminatory reason for discharging Mr. Swift, the court would then determine whether the proffered reason is merely a guise or pretext for retaliatory discharge.[27]

Mr. Swift has failed to establish that he was discharged in retaliation for filing a workers' compensation claim and/or for reporting a complaint to OSHA. There is no evidence in the record that AFCO was aware of either of these events. Even if Mr. Swift could establish that he had been discharged for filing a workers' compensation claim and/or for reporting a complaint to OSHA, AFCO has submitted undisputed summary judgment evidence to demonstrate that it discharged Mr. Swift for legitimate, non-discriminatory reasons.

---

[26] Defendant's exhibit #28.
[27] Penn v. Louisiana-1 Gaming, 954 So.2d 925, 928 (La.App. 5 Cir. 4/11/07), reh'g denied.

Likewise, Mr. Swift has failed to establish that he was discriminated against in violation of Louisiana Employment Discrimination laws. Mr. Swift has failed to present any evidence that he was treated differently because of a protected characteristic. Accordingly, because there is no genuine issue of material fact for trial, Mr. Swift's claims of state discrimination and/or retaliation will be dismissed in their entirety.

AFCO maintains that Mr. Swift's claim that he was discriminated against for filing for short-term disability fails to state a cause of action. AFCO remarks that as a high-level manager, Mr. Swift automatically received short-term benefits at no cost. AFCO offered Mr. Swift the opportunity to go out on short-term disability on February 10, 2016, however Mr. Swift declined the offer.[28] AFCO accommodated Mr. Swift's request to work light-duty on February 10, 2016 prior to his fall on February 12, 2016.[29]

Mr. Swift further testified that AFCO employees, Julie Bonial and Mr. Fontenot, tried to and did help and accommodate Mr. Swift when he came to work wearing a boot for a non-work-related injury. Accordingly, because there is no genuine issue of material fact for trial, Mr. Swift's claims for failing to accommodate and/or for filing a claim for short-term disability will be dismissed.

## **CONCLUSION**

For the reasons set forth above, the motion for summary judgment will be granted in favor of AFCO, dismissing with prejudice Plaintiff's claims at Plaintiff's costs.

---

[28] Defendant's exhibit A, Swift depo. pp. 46, 51-52.
[29] Id. at p. 111.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 13th day of March, 2018.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE