RECEIVED

APR 1 0 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID G. SWIFT | CIV. ACTION NO. 1:17-00373 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| AFCO INDUSTRIES, INC. | MAG. JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court is a motion for summary judgment (R. #15) filed by Defendant, AFCO Industries, Inc. The undersigned issued a memorandum ruling on March 13, 2018 wherein I found that there were no genuine issues of material fact for trial and dismissed the instant suit with prejudice. The ruling was issued without Plaintiff having filed objections, and the court noted that the time for filing objections has lapsed. After the ruling, Plaintiff's counsel filed a motion to vacate the judgment and noted that he had been ill, thus precluding him from filing said objections. Hence, I vacated the Judgment in order to consider Plaintiff's objections to the motion for summary judgment.

Because Plaintiff's counsel has failed to file a statement of material facts and has not objected to Defendant's statement of material facts, those facts submitted by Defendant are deemed admitted.[1] Thus, the court will consider the arguments of counsel as filed.

As noted by Defendant, Plaintiff has failed to point out any portion of the summary judgment record to raise a genuine issue of fact for trial. Plaintiff asserts that Defendant's reasons for terminating his employment were merely pretextual. Plaintiff submits not one

---

[1] GIVS v. City of Eunice, 512 F.Supp.2d 522, 535 (W.D. La. 2007)(citing Local Rule 56.2W).

scintilla of evidence to support his argument of pretext. On the other hand, Defendant submits a record replete with Plaintiff's inadequate job performance to support its legitimate non-retaliatory reasons for discharging Plaintiff. Defendants also submit the Department of Labor decision which denied Plaintiff's OSHA retaliation complaint finding that Defendant's reasons for discharging Plaintiff was legitimate and non-pre-textual.[2] Defendant also submitted evidence that it had 14 employees who were injured at work between 2015 and 2017 and received workers' compensation, none of whom were terminated because of filing and/or receiving workers' compensation benefits.[3]

The undisputed summary judgment submitted by Defendant establishes that Plaintiff was discharged for legitimate non-retaliatory reasons. Plaintiff's conclusion that his termination was because he complained to OSHA and/or filed for workers' compensation, both events unbeknownst to Defendant at the time the decision to terminate was made, is merely a conclusion unsupported by the evidence and furthermore, not persuasive. Thus, again, I find that Plaintiff has failed to create a genuine issue of material fact for trial.

## CONCLUSION

For the reasons set forth above and those stated in the prior Memorandum Ruling,[4] the motion for summary judgment will be granted, dismissing with prejudice, Plaintiff's claims, at Plaintiff's costs.

---

[2] See Memorandum in Support, R. #15-1, p. 18; Defendant's exhibit #28.

[3] Defendant's exhibit #29. Defendants further informs the court that 13 of the 14 workers returned to work at AFCO.

[4] R. #17.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 10th day of April, 2018.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE